## BRITTON v. MUTUAL BENEFIT LIFE INSURANCE COMPANY.

*Life insurance — fraudulent representations — Waiver — Notice.*

A life insurance company does not waive the consequences of fraudulent representations on the part of the assured by taking premiums on the policy subsequent to an examination of the assured, made two years after the policy was issued pursuant to an application for another insurance by him.

Statements by an applicant for insurance, to the examining physician, in the presence of the company's agent, do not constitute notice to the company.

EXCEPTIONS by plaintiff ordered to be heard in the first instance at general term. The action was by Oscar F. Britton against The Mutual Benefit Life Insurance Company, upon a policy of $3,000 issued by defendant on the life of George J. M. Andrews. The defense was that the policy was void by reason of certain false and fraudulent representations on the part of the assured as to the state of his health. The complaint was dismissed.

*J. T. M. Davie,* for plaintiff.

*John T. Pingree,* for defendant.

GILBERT, J. The evidence leaves no room for doubt that the assured perpetrated a gross fraud in obtaining the policy sued on, and that he was aided in his fraudulent purpose by the physician who examined him for the company. The circuit judge, therefore, was clearly right in dismissing the complaint, unless the company waived the consequences of such fraud by taking premiums after an examination of the assured had been made, two years after the policy in suit was issued, pursuant to an application for another insurance by him. We have discovered nothing in the evidence given, or in that which was offered and rejected, warranting the

inference that the defendant was notified that any of the representations which the assured made on the occasion when the policy sued on was obtained, were untrue. On the contrary, the result of the last examination, under the auspices of the physicians, seems to have been quite as favorable to the assured as the first. The examination in proper is not before us, because the court excluded it. We must presume that it contained nothing favorable to the plaintiff, for it was offered only for the purpose of showing the state of health of the assured at the time it was made.

In this point of view it was wholly immaterial. The receipt of premiums from an assured who has got sick after the policy was issued can be no defense. What was said at the time of the examination to the examining physician, in presence of agents of the defendant, constitutes no notice to the latter.

There must be judgment for the defendant, with costs.

*Judgment for defendant.*